UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB HESTER-MCCOY, | Case No. 1:24-cv-01518-JLT-CDB (SS) |
| Plaintiff, | ORDER ON STIPULATION REOPENING CASE AND SETTING BRIEFING SCHEDULE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (Doc. 14) |
| Defendant. | |

On December 12, 2024, Plaintiff Caleb Hester-McCoy ("Plaintiff") initiated this action with the filing of a complaint against Defendant Commissioner of Social Security ("Defendant"). (Doc. 1). On March 4, 2025, the Court remanded the action for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g), due to technical issues during Plaintiff's administrative hearing that rendered the agency unable to obtain a complete recording of the telephone hearing. (Doc. 13).

Pending before the Court is the parties' stipulated request to reopen the case and set a briefing schedule, filed on June 16, 2026. (Doc. 14). The parties represent that on remand, the Commissioner, through an administrative law judge ("ALJ"), issued an unfavorable decision on January 13, 2026, finding Plaintiff not disabled, and the time has expired for Plaintiff to file exceptions to the ALJ's decision and for the Appeals Council to review the case on its own motion. *Id.* at 2 (citing 20 C.F.R. §§ 404.984, 416.1484). The parties further represent that the post-remand

administrative proceedings have concluded, and this case is ready for further district court proceedings. *Id.* (citing *Carrol v. Sullivan*, 802 F. Supp. 295, 300 (C.D. Cal. 1992)). The parties therefore request the Court set the following briefing schedule pursuant to the parties' stipulation: (1) within 14 days of the entry of the Court's order on the stipulation, Defendant will file the certified administrative record ("CAR"); (2) within 30 days after service of the CAR, Plaintiff will file an opening brief; (3) within 30 days after service of Plaintiff's brief, Defendant will file a responsive brief; and (4) within 14 days after service of Defendant's brief, Plaintiff may file an optional reply brief. *Id.* at 3.

A sentence six remand "is always interlocutory and never a 'final' judgment." *Carrol*, 802 F. Supp. at 300. Therefore, in a sentence-six remand case, the Court retains jurisdiction following the remand for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (district court retains jurisdiction over Social Security cases remanded under sentence six of 42 U.S.C. § 405(g)). Thus, the Court retained jurisdiction in this action, which must return to the Court following completion of the administrative proceedings for final judgment to entered, or for the action to be dismissed. *Id.*; *see Shalala v. Schaefer*, 509 U.S. 292, 298-300 (1993).

Because the administrative proceedings have concluded and the final administrative decision is not favorable to Plaintiff, it is appropriate for the Court to re-open the matter and set a briefing schedule for further proceedings, as requested by the parties. *See Melkonyan*, 501 U.S. at 98.

**Conclusion and Order**

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The parties' stipulated request to re-open the matter (Doc. 14) is GRANTED;

2.  Within 14 days of entry of this order, Defendant SHALL FILE the certified administrative record ("CAR");

3.  Within 30 days of service of the CAR, Plaintiff SHALL FILE his opening brief;

4.  Within 30 days of service of Plaintiff's brief, Defendant SHALL FILE a responsive brief; and

///

5.  Within 14 days of service of Defendant's responsive brief, Plaintiff SHALL FILE any optional reply brief.

IT IS SO ORDERED.

Dated:   **June 17, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3